Law Library

ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2009 APR 29 PM 2:18

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, )
                      Plaintiff, )
          v. )
LUCAS NOKET, )
                  Defendant . )

Criminal Case No. CF0264-08

**DECISION AND ORDER**
re: motion to dismiss

This matter came before the Honorable Judge Michael J. Bordallo on March 17, 2009. The People were represented by Assistant Attorney General. Defendant was represented by Attorney Jocelyn M. Roden. Having heard the arguments and reviewed the memorandum and papers presented, the court now issues the following decision denying Defendant's motion to dismiss.

### BACKGROUND

On June 17, 2008, Defendant was indicted for, First Charge, Assault Against a Peace Officer, a Third Degree Felony and Second Charge Disorderly Conduct, a Petty Misdemeanor.

### DISCUSSION

The Defendant on February 19, 2009, filed a motion requesting this court to dismiss the People's indictment for the lack of competent evidence to support the charges. *Mot.* He supports this request by arguing that Officer White, the witness who testified to the grand jury, has no personal knowledge of the events. *Id.* at 2. Defendant argues that because Officer White is not listed as one of the People's witnesses and because he is not mentioned in the discovery provided to the Defendant he "was not competent to testify at all." *Id.* Defendant supports his argument with a citation to Section 602 of the Rules of Evidence. This rule requires that all witnesses have personal knowledge of the events about which they



ORIGINAL

testify. *Id.* at 3. The People do not respond in opposition to the Defendant's motion.

Section 50.42 of the Guam Code of Criminal Procedure requires "that a jury receive only competent evidence . . ." 8 Guam Code Ann. §50.42 (2008). In 1992, the District Court of Guam, explaining section 1101(d)(2) of title 6 of the Guam Code held, "hearsay [is] permitted in grand jury proceedings because such proceedings are not governed by the rules of evidence." *People of Territory of Guam v. Atoigue*, Criminal No. CF0023-91 *Appeal of Conviction*, (D. Ct. Guam Sept. 11, 1992). The 8th Circuit in 1977 held that the grand jury witness were not required to have personal knowledge of the events about which they testified. *U.S. v. West*, 549 F.2d 545, 555 (8th Cir. 1977). Hearsay testimony by definition is, "testimony given by a witness who relates, not what he know personally . . ." *Blacks Law Dictionary*, 722 (6th ed. 1990).

Based upon the application of the above to this case, Defendant has provided the court with no assertions or argument by which the court could find that the June 17, 2008 indictment was based upon incompetent or insufficient evidence.

## CONCLUSION

For the reasons above Defendant's motion to suppress is denied.

SO ORDERED this 24 day of April 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam

I do her by certify that the foregoing
is a true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

APR 2 9 2009